**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* S.S.-1

**No. 21-0795** (Kanawha County 21-JA-356)

**MEMORANDUM DECISION**

Petitioner Father S.S.-2, by counsel Donnie L. Adkins II, appeals the Circuit Court of Kanawha County's September 15, 2021, order terminating his parental rights to S.S.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Brittany N. Ryers-Hindbaugh, filed a response in support of the circuit court's order. The guardian ad litem, Matthew Smith, filed a response on the child's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred by failing to give his testimony "enough weight" throughout the proceedings.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2021, the DHHR filed a child abuse and neglect petition alleging that then seventeen-year-old S.S.-1 and his psychological parent, M.S., sought a domestic violence protective order against petitioner.[2] At a hearing on the matter, S.S.-1 testified that petitioner

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, as the child and petitioner share the same initials, we refer to them as S.S.-1 and S.S.-2, respectively, throughout this memorandum decision.

[2]S.S.-1's psychological parent, M.S., was petitioner's former wife. She was included as a nonabusing respondent in the proceedings below.

1

"pinned him against the wall," and a video of petitioner "swinging a belt around like a whip whilst threatening the child" was introduced into evidence. The DHHR further alleged that S.S.-1 revealed he escaped the abuse by jumping out of a window. S.S.-1 also stated that petitioner's home was filthy and inadequate. The domestic violence protective order was granted, and the DHHR was ordered to investigate S.S.-1's living conditions. Upon interviewing the child, the DHHR learned that he was the primary caregiver for petitioner who was wheelchair bound and unable to provide daily care for himself. The DHHR alleged that S.S.-1 ensured that petitioner's basic needs were met and that the child's education suffered because petitioner would "blow his phone up" while the child was at school. S.S.-1 stated that he suspected petitioner was abusing his prescription pain medication and that petitioner had threatened self-harm. Finally, the DHHR alleged that S.S.-1 did not feel safe in the home with petitioner and no longer wanted to provide care for petitioner.

The circuit court held an adjudicatory hearing in July of 2021. Petitioner denied the allegations in the petition; he denied that the home was unclean and blamed any mess on S.S.-1. S.S.-1 testified that he was afraid of petitioner while petitioner was swinging the belt at him and that petitioner actually struck him with the belt "a couple of times or more." S.S.-1 testified that there had been other incidents that caused him to fear petitioner. S.S.-1 explained that petitioner expected S.S.-1 to clean up after him and testified that the home was "very messy." S.S.-1 further testified that petitioner would send him text messages while he was in school to ask the child to come home and help him. S.S.-1 testified that he did not wish to live with petitioner. Ultimately, the circuit court found that petitioner's testimony was not credible. The circuit court adjudicated petitioner as an abusing parent and S.S.-1 as an abused and neglected child.

In September of 2021, the circuit court held the final dispositional hearing. A DHHR worker testified that the DHHR was recommending termination of petitioner's parental rights and post-termination visitation at the child's request. The DHHR worker explained that petitioner failed to acknowledge the allegations of neglect or abuse "despite [his child's] previous testimony and a video" of the abuse. Petitioner testified and again denied the allegations in the petition.

Ultimately, the circuit court found that petitioner failed to acknowledge the allegations of abuse and neglect. The circuit court, therefore, concluded that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and that termination of petitioner's parental rights was necessary for the child's welfare. Accordingly, the circuit court terminated petitioner's parental rights by its September 15, 2021, order. Petitioner now appeals that order.[3]

The Court has previously held:

---

[3]The mother consented to the legal guardianship of S.S.-1 by his psychological parent and respondent below, M.S. According to the parties, the permanency plan for S.S.-1 is legal guardianship by M.S., as per his wishes.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in not giving his testimony enough weight throughout the proceedings. Petitioner asserts that he is a fit parent and that the circuit court's findings to the contrary are clearly erroneous. We find petitioner is entitled to no relief.

"[West Virginia Code § 49-4-601(i)], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W. Va. 438, 485 S.E.2d 176 (1997) (citations omitted). This Court has explained that "'clear and convincing' is the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established." *In re F.S.*, 233 W. Va. 538, 546, 759 S.E.2d 769, 777 (2014). However, "the clear and convincing standard is 'intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.'" *Id*.

Here, the circuit court heard and weighed the contradictory testimony of petitioner and S.S.-1. Ultimately, the circuit court found that petitioner was not credible and relied on the child's testimony. We have held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997). Based on the circuit court's credibility determination, we find no error with the weight the circuit court gave to petitioner's testimony that was presented at the adjudicatory hearing.

Further, we find no error in the weight the circuit court gave to petitioner's dispositional testimony. Petitioner testified and denied the allegations of neglect and abuse. Even when

confronted with the fact that the circuit court found that he had abused and neglected S.S.-1, petitioner asserted that the finding was based on lies. The circuit court concluded that petitioner failed to acknowledge the conditions of neglect and abuse. Clearly, the circuit court relied upon petitioner's denial and gave it the appropriate weight. Critically, this Court has recognized that "[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged." *In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). This finding, which petitioner does not challenge on appeal, fully supports the circuit court's finding that there was no reasonable likelihood that the conditions of neglect or abuse would be substantially corrected in the near future.

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As the circuit court's finding is fully supported by the record, we find no error in the circuit court's order terminating petitioner's parental rights to S.S.-1.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 15, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: March 9, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment